**ASSOCIATES DISCOUNT CORP.
v. BROYLES.**

Court of Appeals of Kentucky.
May 16, 1952.

Mapother & Morgan, Louisville, for appellant.

Sidney Baer, Richard P. Watts, Louisville, for appellee.

CULLEN, Commissioner.

This appeal was granted below. At the outset, we have the question of whether the amount in controversy is sufficient to give this Court jurisdiction of the appeal so granted.

Associates Discount Corporation, a finance company, brought a claim and delivery action against George T. Broyles, seeking to recover possession of an automobile because of default of Broyles in making payments under a chattel mortgage held by the company. The automobile, after being seized by the sheriff, was turned over to the company, and the company then sold the automobile at public sale. Thereafter, Broyles filed a counterclaim in the action, alleging that the price received at the public sale exceeded the balance due on the chattel mortgage, and asking judgment for the amount of the excess. A motion to strike and a demurrer to the counterclaim were overruled, and upon a trial the jury returned a verdict in favor of Broyles in the sum of $294.17, representing the amount the jury believed the automobile was sold for in excess of the balance due on the mortgage.

The judgment was as follows:

"It is therefore ordered considered and adjudged that the Plaintiffs Associates Discount Corporation recover nothing on their petition herein filed, but that the Defendant, George T. Broyles recover of the plaintiff Associates Discount Corporation in the sum of $294.17, and his costs herein expended, and for which execution may issue."

On this appeal, the finance company contends that its motion to strike and demurrer to the counterclaim should have been sustained, and the judgment is contrary to law because it did not award possession of the automobile to either party.

As far as the counterclaim is concerned, the amount in controversy on this appeal is $294.17, which would put the case in that class of cases in which a motion for appeal is required in order to confer jurisdiction upon this Court. KRS 21.080. Unless the value of the car also is included in the amount in controversy, by reason of the failure of the judgment to award possession of the car to the plaintiff, the granting of the appeal by the lower court was ineffective.

We are of the opinion that, although the judgment did not in so many words award possession of the car to the plaintiff, the practical effect of the judgment was the same as if possession had been awarded. The judgment by necessary implication recognized that the plaintiff had been given possession of the car and had lawfully disposed of it by public sale. Actually, there was no real controversy in the lower court over the question of possession, and if we should reverse the case for a new trial the question of possession as a practical matter would not be in issue.

If we should sustain all of appellant's contentions, and reverse the judgment, the only result would be to relieve appellant of a judgment against it in the sum of $294.17. This is the only amount in controversy.

The appeal is dismissed.